**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy Charles STROUP, Defendant-
Appellant.**

**No. 23702.**

United States Court of Appeals
Ninth Circuit.

May 27, 1969.

O. J. Wilkinson, Jr. (argued), Phoenix, Ariz., for appellant.

Daniel R. Salcito (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Lawrence Turoff, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before MERRILL, DUNIWAY and CARTER, Circuit Judges.

PER CURIAM:

Stroup and one Kirk were jointly charged with violating the Dyer Act (18 U.S.C. § 2311), transporting a stolen motor vehicle in interstate commerce, knowing that it had been stolen. Stroup was tried alone and convicted. We affirm.

The principal argument is that the evidence is insufficient. The car was stolen in Chowchilla, California, at night. The next afternoon Stroup and Kirk were arrested in the car in Arizona, heading East. They were 89 miles from the California border. Kirk was driving; Stroup sat next to him. Stroup said that he and Kirk had been acquainted for ten years or more, that he did not know how Kirk acquired the car, and that Kirk had had the car for three days. Stroup also said that he had been with Kirk during those days, having left Richmond, California, with Kirk, in the car, three days before. If this were all of the evidence, as Stroup's counsel positively asserts, the case against Stroup would be very thin. Lawrence v. United States, 9 Cir., 1968, 400 F.2d 624. But there is more.

The owner of the car testified that he had turned the car over to his step-son, one Blair, to use as he saw fit. Blair testified that he parked the car immediately outside the window of his motel apartment in Chowchilla at about 11:30 on the night before Stroup's arrest, and that the car was gone in the morning. He had left the key on the front seat. The car was noisy in starting and Blair, being a light sleeper, would have heard it if it had been started outside his window. He heard nothing. Blair found the tracks of its tires, which had an unusual tread pattern, running across the dirt in an unpaved lot behind the motel. One man could not push and steer the car alone; Blair had tried and could not do it. This was because the left front door could not be opened and the car had a small racing type steering wheel. The arresting officer confirmed the fact that the left front door could not be opened; he had tried, without success.

From these facts the jury could find, beyond a reasonable doubt, that Kirk and Stroup together stole the car, pushed it away from the motel and transported it to Arizona as a joint enterprise.

We find no error in the court's refusal of a part of one of Stroup's proposed instructions.

Affirmed.